IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID S. CITERONI, </br></br>        Plaintiff, </br></br>  -vs- </br></br>ANDREW M. SAUL, </br>COMMISSIONER OF SOCIAL SECURITY, </br></br>        Defendant. | Civil Action No.   20-165 |

AMBROSE, Senior District Judge

# **OPINION**

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12).  Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11 and 13).  After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No.10) and granting Defendant's Motion for Summary Judgment. (ECF No. 12).

### I. **BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his application for disability insurance benefits pursuant to the Social Security Act.  Administrative Law Judge ("ALJ"), Helen Valkavich, held a hearing on August 15, 2018. (ECF No. 6-4, pp. 59-95).  Plaintiff was represented at the hearing.  *Id.*  On November 16, 2018, the ALJ found that Plaintiff was not disabled under the Act.  (ECF No. 6-2, pp. 15-24).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF No. 10 and 12).  The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment,

2

whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.    **Weighing of Treating Physician's Opinion**

Plaintiff essentially argues that the ALJ erred by improperly giving little weight to the opinion of his treating primary care physician, Dr. Winslow. (ECF No. 11, pp. 11-12). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2). The opinion of a treating physician need not be viewed uncritically, however. Rather, only where an ALJ finds that "a treating

3

source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.* "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

4

Here, Plaintiff basically argues that the ALJ erred in giving little weight to the opinion of Dr. Winslow. (ECF No. 11, pp. 11-12). In support of the same, Plaintiff submits that there is evidence to support Dr. Winslow's opinion. (ECF No. 11, p. 12). To be clear, the standard is not whether there is evidence to establish Plaintiff's position. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016). Thus, the question before me is whether substantial evidence supports the ALJ's findings. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Therefore, Plaintiff's argument in this regard is misplaced.

The ALJ gave Dr. Winslow's opinion little weight because it "appears to overestimate the claimant's symptoms/limitations, in light of his treatment notes, which reveal essentially unremarkable findings. Specifically, with the exception of subjective complaints of fatigue, which some examiners attributed to poor compliance with sleep apnea treatment, Dr. Winslow's treatment notes contain unremarkable physical and diabetic examinations (Exhibit 16F). Additionally, while Dr. Winslow based his findings on the claimant's self-reported symptoms…, the longitudinal treatment record does not support these symptoms." (ECF No. 6-2, p. 22). Inconsistency is a valid reason for discrediting evidence. *See,* 20 C.F.R. §§416.927, 404.1527 (Evaluating Opinion Evidence). In addition to being inconsistent with his own longitudinal treatment records, the ALJ noted Dr. Winslow's comments were inconsistent with the findings of Dr. Shulman, Plaintiff's treating doctor in cardiology. (ECF No. 6-2, p. 22). To that end, I find that

5

the ALJ appropriately discussed the portions of the record while weighing the evidence. "There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record." *Fargnoli v. Massanari,* 247 F.3d 34, 42 (3d Cir. 2001); *Hur v. Barnhart*, 94 Fed. Appx. 130, *2 (3d Cir. April 16, 2004). Additionally, a plaintiff need not be pain-free or symptom-free to be found not disabled. Based on my review of the record, I find the ALJ's opinion is supported by substantial evidence. (ECF No. 6-2, pp. 15-24). Therefore, remand is not warranted on this basis.

### C.    Residual Functional Capacity (RFC)[1]

Plaintiff also seems to argue that the ALJ improperly determined his RFC. (ECF No. 11, pp. 11-12). To that end, Plaintiff suggests that the ALJ "did not properly consider and evaluate the appropriate,…limitations…of fatigue, shortness of breath, lower extremity edema and decreased cognition." (ECF No. 11, p. 11). In support of the same, Plaintiff points to Dr. Winslow's opinion. *Id.* at p. 12. Again, the standard is not whether there is evidence to establish Plaintiff's position. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).
>
> *Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016).

Thus, the question before me is whether substantial evidence supports the ALJ's findings. *Allen*

---

[1]RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a). In this case, the ALJ determined that Plaintiff has the RFC to perform light work with various exceptions.   (ECF No. 6-2, p. 19).

*v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).  Therefore, Plaintiff's argument in this regard is misplaced.  Furthermore, upon review of the record, I find the ALJ's opinion is supported by substantial evidence.  (ECF No. 6-2, pp. 15-24).  Therefore, remand is not warranted on this basis.

      D.      **<u>Vocational Expert</u>**

Finally, Plaintiff seems to submit that the ALJ erred by improperly disregarding vocational expert testimony and by relying on an improper RFC and an incomplete hypothetical question.  (ECF No. 11, p. 11).   An ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments.  *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987).  Based on my review of the record, there is substantial evidence that the ALJ's hypothetical question posed to the vocational expert accurately reflected Plaintiff's impairments.  (ECF No. 6-2, pp. 15-24, 85-92).  Consequently, I find no error in this regard.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID S. CITERONI,            )
                              )
        Plaintiff,        )
                              )
  -vs-                        )   Civil Action No.   20-165
                              )
ANDREW M. SAUL,               )
COMMISSIONER OF SOCIAL SECURITY, )
                              )
                              )
        Defendant.       )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 16th day of February, 2021, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 10) is denied and Defendant's Motion for Summary Judgment (ECF No. 12) is granted.

                        BY THE COURT:

                        s/   Donetta W. Ambrose
                        Donetta W. Ambrose
                        United States Senior District Judge